Mattheus Andreas LAURENS,
Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 06–4534.

United States Court of Appeals,
Third Circuit.

Submitted pursuant to Third Circuit
LAR 34.1(a) March 28, 2008.

Filed: April 23, 2008.

Yan Wang, Law Offices of Matthew Jeon, New York, NY, for Petitioner.

Richard M. Evans, Virginia M. Lum, Patrick J. Glen, United States Department of Justice Office of Immigration Litigation, Washington, D.C., for Respondent.

Before: McKEE, RENDELL and TASHIMA,* Circuit Judges.

OPINION OF THE COURT

McKEE, Circuit Judge:

Petitioner Mattheus Andreas Laurens seeks review of an order of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Because substantial evidence supports the BIA's decision, we will deny the petition for review.

I.

We have jurisdiction to review the BIA's final orders of removal pursuant to 8 U.S.C. § 1252(a). Where the Board both affirms the findings of the IJ and discusses some of the bases for the IJ's decision, we

---

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the    Ninth Circuit, sitting by designation.

review the decisions of both the BIA and the IJ. *Xie v. Ashcroft,* 359 F.3d 239, 242 (3d Cir.2004). We review constitutional and legal claims *de novo. Debeato v. Attorney Gen.,* 505 F.3d 231, (3d Cir.2007) (citations omitted). Factual and discretionary findings of the agency are reviewed under the familiar substantial evidence standard. *Dia v. Ashcroft,* 353 F.3d 228, 247–48 (3d Cir.2003).

## II.[2]

Pursuant to 8 U.S.C. § 1158(a)(2)(B), an alien cannot apply for asylum unless he/she can demonstrate "by clear and convincing evidence that the application has been filed within [one] year after the date of the alien's arrival in the United States." This requirement is excused where the alien can demonstrate a change in circumstances affecting eligibility for asylum or extraordinary circumstances that relate to the delay in filing. 8 U.S.C. § 1158(a)(2)(D).

The IJ determined that Laurens' asylum application was untimely and that such filing was not legally excused, and the BIA affirmed. Although Laurens does not directly challenge this determination, he argues that the requirement of providing clear and convincing evidence that the application for asylum is filed within one year violates his substantive due process right and equal protection rights. The argument is foreclosed by our decision in *Sukwanputra v. Gonzales,* 434 F.3d 627 (3d Cir.2006).

To the extent Laurens argues that his right to "equal protection" has been violated, that argument is also without merit.[3]

"The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not [mean] that all aliens are entitled to all of the advantages of citizenship. . . ." *Mathews v. Diaz,* 426 U.S. 67, 78, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976). Nor does it establish that "all aliens must be placed in a single homogeneous legal classification." *Id.* The INA applies the same standard to all applications for asylum, and there is therefore no disparate treatment.

## III.

Laurens also challenges the Board's denial of his application for withholding of removal. Although the exact nature of his challenge is not clear, Laurens appears to be challenging the agency's determination that he has not suffered past persecution. He claims that he has submitted evidence of past persecution entitling him a rebuttable presumption of future persecution. *See* 8 C.F.R. § 208.16(b)(1).

Because substantial evidence supports the agency's determination this claim must also fail. Laurens testified to being robbed several times, and suffering minor physical injuries on one occasion. He also reported some disparate treatment at work, which he believes was on account of his Christian beliefs.[4] We agree with the BIA and the IJ that these incidents do not rise to the level of persecution, nor is it clear that the incidents of street crime bore any connection to his religion or the required governmental nexus. The BIA properly explained that "[t]he term 'persecution' means 'extreme behavior, including

---

**2.** Inasmuch as we write primarily for the parties, we need not set forth the facts or procedural history.

**3.** Petitioner asserts in conclusory fashion that the one-year filing requirement "violated the equal protection of laws as it denied Petitioner a right which is otherwise available to

persons similarly situated." He fails to identify the similarly situated group required to establish that he has received disparate treatment.

**4.** The immigration judge found Laurens' testimony to be credible.

threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom. This definition does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.' " App. at 3 (quoting *Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir.2003)).

## IV.

Finally, Laurens has not demonstrated that the agency was unreasonable in rejecting his claim that there is a pattern or practice of persecution of Christians in Indonesia. *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005). The record simply does not substantiate Laurens' alleged fear of future persecution. It contains only his testimony, uncorroborated by State Department Country Reports. Moreover, because he has not established that the mistreatment he complains of was the result of government action or acquiescence, he has not satisfied his evidentiary burden.

## V.

Laurens' brief does not provide any separate analysis of the CAT claim. However, based on our review of the record, substantial evidence supports the BIA's determination that he has not shown he is more likely than not to be tortured upon his return to Indonesia. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182–83 (3d Cir. 2003).

For the foregoing reasons, Laurens' petition for review is denied.